Dear Ms. Guidry:
Your request for an Attorney General's opinion has been received. You seek an opinion as to the responsible party for payment of election expenses for the justice of peace and constable elections, since this issue has been questioned by the Sabine Parish Police Jury. Your letter states that in the past the Department of Elections and Registration [now merged with the Department of State] has billed the parish police jury or council as the responsible party for the payment of those expenses.
Candidates for the offices of justice of the peace and constable are elected from wards and districts, as per LSA-R.S. 13:2582 and 2583. As such, they are classified as local candidates:
 Candidates are classified according to the character of the office they seek and are designated as follows:
 (1) State candidates are candidates for offices voted on throughout the state or throughout a congressional district, justice of the supreme court, judge of a court of appeal, and candidates for membership on a state board or commission.
 (2) Local candidates are candidates for the state legislature and other district offices not included in Paragraph (1) of this Section; parochial offices, including the office of parish judge; and ward offices.
 (3) Municipal candidates are candidates for city, town, and village offices.
LSA-R.S. 18:452(emphasis added).
Candidates are classified in the Election Code, not only for the purpose of qualifying for office but also for the purpose of reimbursement of election expenses. Pursuant to LSA-R.S. 18:1400.1, 1400.2 and 1400.3 when a local candidate appears on the ballot, one-half of the costs of an election are to be pro-rated between the state and all local or municipal entities participating in the election. Election costs include ballots, election materials, publication of the location of polling places, renting of polling places, drayage, setting up voting machines, compensating commissioners and deputy parish custodians, transmitting election returns, and expenses incurred by clerks of court, registrars of voters and parish boards of election supervisors. The pro-rata share of a local or municipal entity is determined by dividing the number of that entity's offices, propositions, or questions on the ballot by the total number of all offices, propositions, or questions on the ballot within that local jurisdiction. Costs and expenses are to be reimbursed to the state promptly, or interest may be assessed, along with collection fees. LSA-R.S. 18:1400.6.
In sum, it is our opinion that Department of Elections and Registration has in the past correctly billed the parish police jury or council as the responsible party for the payment of election expenses for the offices of justice of the peace and constables, and should continue to do so in the future. If our office can be of further assistance in this matter, please advise.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ___________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
CCF, Jr./ARL;mjb